(No. 42664.—

THE CITY OF MADISON, Appellee, *vs.* JAMES E. HARDEN, Appellant.

*Opinion filed May 20, 1970.*

WALKER & WILLIAMS, of East St. Louis, (MARTIN W. IMBER, of counsel,) for appellant.

NICK D. VASILEFF, of Madison, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On March 14, 1969 two complaints were filed by the City of Madison, charging that James Harden violated two sections of an ordinance: (1) casting or scattering handbills along and upon a public street in violation of section 7 of article 23 of Ordinance 562, and (2) distributing handbills without obtaining a license in violation of sections 1 and 2

of said ordinance. At trial the court found that the licensing required by sections 1 and 2 was unconstitutional and dismissed the charge of distributing handbills without obtaining a license, but found the defendant guilty of violating section 7. Defendant appealed directly to this court, alleging constitutional error.

Section 7 of article 23 of Ordinance 562 provides in part: "It shall be unlawful for any person licensed under the provisions of this article, to throw, cast, or scatter any handbills along or upon any street, highway, or other public place within the City of Madison * * *." Licensing is provided for by sections 1 and 2: "Sec. 1. It shall be unlawful for any person, firm or corporation to carry, distribute or circulate, or cause to be distributed or circulated, any handbills along or upon the sidewalks, streets, or other public place within the City of Madison, without first having obtained a license so to do. Sec. 2. Licenses may be issued for one day, one week, or one month, but not beyond the municipal year. The license fee for such licenses shall be as follows: for 1 day, $3.00; for 1 week, $10.00; for 1 month, $15.00; for 1 year, $25.00." The question of the constitutionality of sections 1 and 2 is not before us because no appeal was taken by the City. Defendant argues that a conviction under section 7 cannot stand if section 1 and section 2 are unconstitutional. We agree with this argument.

The clear and unambiguous terms of section 7 indicate that only those licensed under the provisions of section 1 would violate the ordinance by throwing handbills along a public place. It is apparent that the city council intended section 1 to regulate those not licensed and that section 7 would regulate only those who were licensed. The two sections complement and depend upon one another and without either the ordinance loses most of its regulatory powers. Clearly, the city council did not intend that either section would stand alone.

"The province of the courts is not to legislate but to

interpret. We cannot read out of the statute words which the legislature has placed therein any more than we can read into the statute words which are not within the manifest intention of the legislature as determined by the statute itself." (*Donahoo* v. *Board of Education,* 413 Ill. 422, 426.) We cannot strike the words "licensed under the provisions of this article" from section 7 so as to include the defendant who was not licensed. The inadequacy of the ordinance resulting from the unconstitutionality of sections 1 and 2 cannot be corrected through judicial interpretation. The clear and unambiguous meaning of the language in section 7 would not include the defendant, and a conviction under this section will not stand. Therefore, the judgment of the circuit court of Madison County is reversed.

*Judgment reversed.*